PUBLISHED

Order Filed: July 23, 2007
Dissent Filed: July 27, 2007

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

A.K., a minor by his parents and
next friends J.K. and E.S.,
　　　　　　　*Plaintiff-Appellant,*

v.

ALEXANDRIA CITY SCHOOL BOARD,
　　　　　　*Defendant-Appellee.*

No. 06-1130
(1:05-cv-00229-GBL)

On Petition for Rehearing and Rehearing En Banc

Appellee has filed a petition for rehearing and rehearing en banc.

A member of the Court requested a poll on the petition for rehearing en banc. The poll failed to produce a majority of the judges in active service in favor of rehearing en banc. Judge Gregory voted to rehear the case en banc, and Chief Judge Williams and Judges Wilkinson, Niemeyer, Michael, Motz, Traxler, King, Shedd and Duncan voted against rehearing en banc.

The Court denies the petition for rehearing and rehearing en banc.

Entered at the direction of Senior Judge Wilkins for the Court.

For the Court

/s/ Patricia S. Connor
Clerk

GREGORY, Circuit Judge, dissenting from the denial of rehearing and rehearing en banc:

Because schools and parents in this circuit would benefit greatly from consideration by the whole court of the questions this case presents, I dissent from my colleagues' decision not to rehear this case en banc. In particular, it would be wise for us to articulate a standard for differentiating substantive and procedural requirements of the IDEA.

The panel majority concluded that the school district's failure to identify on A.K.'s IEP an anticipated location at which A.K. would be educated constituted a violation of the substantive requirements of the IDEA. The school district did violate the IDEA—the law requires that an IEP identify the anticipated frequency, duration, and location for the provision of educational services, and A.K.'s IEP specifies no location—but I do not see the violation as a deficiency in the educational program the school district was offering, as the majority does. The school district's mistake is one that had no effect upon the education A.K. would receive. This, to me, is evidence that the error is not a substantive one.

Under our present jurisprudence, public school districts are vulnerable to those who could use the unclear state of the law to their advantage. In particular I worry that public schools could be liable for large sums because of errors that, as here, have no adverse impact on the quality of the educational program made available to the student. Regrettably, our public schools today face greater social challenges than before with ever shrinking financial resources; and we should be careful not to expose them to a greater burden than Congress intended them to bear.

The IDEA was written to ensure the fair treatment of disabled students by the educational system, a noble goal that is worthy of our vigilance, but not to punish a school district's good faith efforts to comply with the statute, even if those efforts sometimes entail technical but harmless errors.